OPINION
{¶ 1} Defendants-appellants, Fouad Samaan, Nancy Samaan, and Ramy Samaan ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas, which denied their motion for relief from judgment in favor of plaintiff-appellee, Classic Bar and Billiards, Inc. ("appellee"). For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On November 20, 2006, appellee filed a cognovit complaint in the trial court, seeking judgment against appellants in the amount of $138,611.94, plus interest, costs, and fees. Attached to the complaint was a promissory note dated August 23, 2005. Pursuant to the note, appellants agreed to pay appellee $150,000 by making monthly installments beginning in October 2005 and ending in September 2010. The note contained the following notice:
 WARNING — — BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.
 {¶ 3} Also on November 20, 2006, attorney Howard Baumwell filed an answer on behalf of appellants and confessed judgment in favor of appellee.
 {¶ 4} On November 21, 2006, the trial court issued a judgment entry, which granted judgment in favor of appellee in the amount of $138,611.94 (the alleged balance due on the note), plus interest from January 1, 2006, attorney fees in the amount of $45,741.94, and costs.
 {¶ 5} On February 1, 2007, appellants filed a motion for relief from judgment, pursuant to Civ. R. 60(B), and also requested sanctions against appellee and its counsel. In their motion, appellants stated that they had served a complaint upon appellee on or about October 26, 2006, and that the complaint and resulting legal action concerned the transaction underlying the cognovit note. Specifically, in this separate matter, appellants alleged fraud, conspiracy, breach of contract, and other claims *Page 3 
relating to the sale of Classic Bar and Billiards to appellants. After requesting additional time to answer or plead in the fraud action, appellee filed the cognovit complaint against appellants. Because the fraud action was still pending and could invalidate the terms of the cognovit note, appellants argued that any action involving the cognovit note should be consolidated with the fraud action, appellee should have raised the cognovit claim as a counterclaim in the fraud action, appellee and its counsel had engaged in frivolous conduct by filing the cognovit complaint, and appellants should be relieved from the court's judgment on the note.
 {¶ 6} On February 13, 2008, the trial court issued a decision and entry denying appellants' motion. The court noted that, on June 28, 2007, summary judgment had been granted in the fraud action in favor of appellee and that the action had been dismissed with prejudice against appellants. Applying the standards for Civ. R. 60(B) relief found inGTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, the trial court concluded that appellants had not presented a meritorious defense to the cognovit complaint. The court also denied appellants' request for sanctions.
 {¶ 7} Appellants filed a timely appeal, and they raise one assignment of error, as follows:
 IT WAS ERROR FOR THE COURT NOT TO GRANT APPELLANTS['] MOTION FOR RELIEF FROM JUDGMENT WHEN THERE IS ANOTHER ACTION PENDING BETWEEN THE PARTIES WHEREIN IT IS ALLEGED THAT THE PLAINTIFF IN THE COGNOVIT PROCEEDING WRONGLY DEPRIVED APPELLANTS OF POSSESSION OF THE PROPERTY WHICH IS THE OBJECT OF A SALE CONTRACT, AND KEPT THE BALANCE, $245,000.00, OF APPELLANTS['] MONEY AND TO GRANT [APPELLEE'S] COUNSEL "REASONABLE ATTORNEY FEES" OF $45,741.94, WITHOUT NOTICE OR HEARING. *Page 4 
 {¶ 8} At issue here is the cognovit note signed by appellants in 2005. A cognovit note contains provisions designed to cut off defenses available to a debtor in the event of default. See Tinnes v. ImmobilaireIV, Ltd. (Feb. 13, 2001), Franklin App. No. 00AP-87; Fifth Third Bank v.Jarrell, Franklin App. No. 04AP-358, 2005-Ohio-1260, ¶ 12. The holder of a cognovit note in default obtains a judgment without a trial of possible defenses which the signers of the note might otherwise assert."D.H. Overmyer Co., Inc. of Ohio v. Frick Co. (1972), 405 U.S. 174,176-177, quoting Hadden v. Rumsey Prods., Inc. (C.A.2, 1952),196 F.2d 92, 96. This is so because, under a cognovit note, the debtor consents in advance to the holder obtaining a judgment without notice or hearing.Overmyer at 176. An attorney, whom the note holder may designate, appears on behalf of the debtor and, pursuant to provisions of the cognovit note, confesses judgment and waives the debtor's right to notice of the proceedings. See Medina Supply Co. v. Corrado (1996),116 Ohio App.3d 847, 850; Overmyer at 176.
 {¶ 9} Here, the cognovit note signed by appellants contained the usual provision that cut off appellants' right to notice and possible defenses for nonpayment. As allowed under the note, Attorney Baumwell appeared on appellants' behalf and confessed judgment. Accordingly, the court granted judgment in favor of appellee and, ultimately, denied appellants' request for relief from that judgment.
 {¶ 10} We apply an abuse of discretion standard to the trial court's decision to deny appellants' Civ. R. 60(B) motion. Your FinancialCommunity of Ohio, Inc. v. Emerick (1997), 123 Ohio App.3d 601, 605. An abuse of discretion connotes more than *Page 5 
an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} A debtor on a cognovit judgment may pursue a Civ. R. 60(B) motion for relief from judgment. Masters Tuxedo Charleston, Inc. v.Krainock, Mahoning App. No. 02 CA 80, 2002-Ohio-5235, ¶ 7. Generally, to prevail on a Civ. R. 60(B) motion, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if the court grants relief, (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5), and (3) the party made the motion within a reasonable time. GTE, paragraph two of the syllabus.
 {¶ 12} Ohio courts have modified the GTE standard on a Civ. R. 60(B) motion that, as here, challenges a cognovit judgment. Simmons CapitalAdvisors, Ltd. v. The Kendall Group, Franklin App. No. 05AP-1087,2006-Ohio-2272, ¶ 15; Jarrell at ¶ 11; Benford v. Innovisions, Inc.
(Apr. 7, 1994), Franklin App. No. 93APE12-1651. This modification is appropriate because a cognovit note does not provide a debtor with prior notice of judgment or an opportunity to defend. First Natl. Bank ofPandora v. Freed, Hancock App. No. 5-03-36, 2004-Ohio-3554, ¶ 7, fn. 2.
 {¶ 13} Through the modified GTE standard, the Civ. R. 60(B) movant that challenges a cognovit judgment need only satisfy the first and third prongs of GTE, i.e., the movant need only allege a meritorious defense and file a timely motion. Simmons Capital at ¶ 16; Jarrell at ¶ 11;Benford. Under the modification, the second GTE requirement, pertaining to whether the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5), is automatically satisfied through Civ. R. 60(B)(5), *Page 6 
which indicates "any other reason justifying relief from judgment."Masters Tuxedo Charleston, Inc. at ¶ 7.
 {¶ 14} Appellants acknowledge that some Ohio courts, including this court, have concluded that payment is the only meritorious defense under a cognovit note. See, e.g., Jarrell at ¶ 12, citing Tinnes.
Nevertheless, appellants did not allege below, and do not claim here, that payment was made. Instead, within the body of their appellate brief, they assert that the trial court's judgment was in the wrong amount because, when added together, appellants' payments plus the court's award total $400,000, and the purchase price was only $375,000. They also assert that the award of attorney fees in the amount of $45,741.94 "would not seem to comport" with the note's provisions. They conclude by stating: "Appellants should have been notified."
 {¶ 15} As appellee asserts, however, appellants did not raise either of these arguments in their motion for relief. Instead, they argued that appellee's claims concerning the cognovit note should have been raised or consolidated with the fraud action and that the actions of appellee and its counsel entitled appellants to an award of sanctions. They did not argue that the judgment amount was incorrect, and the court did not address that argument. In fact, in its decision, the trial court noted that appellants "do not argue that there has been a miscalculation of the balance due on this Cognovit Note." Nor did appellants argue that the attorney fee award was in conflict with the note, so the trial court did not consider that argument either. Having failed to raise these issues below, appellants cannot raise them on appeal. State ex rel.Zollner v. Indus. Comm., 66 Ohio St.3d 276, 278, 1993-Ohio-49 ("[a] party who fails to raise an *Page 7 
argument in the court below waives his or her right to raise it" on appeal); Helms v. Koncelik, Franklin App. No. 08AP-323, 2008-Ohio-5073, ¶ 35.
 {¶ 16} Within their assignment of error, which we quoted above, appellants also state that the trial court erred by denying their motion for relief because there was another action pending between the parties. Within the body of the argument, however, appellants do not repeat this assertion, provide any support for the statement, or otherwise argue in favor of it. There is simply no argument concerning whether the court erred by denying Civ. R. 60(B) relief because the fraud action was pending.
 {¶ 17} App. R. 16(A)(7) required appellants to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." In addition, App. R. 12(A)(2) allows a reviewing court to "disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App. R. 16(A)." As appellants have provided no support whatsoever for their statement — that the court erred because another action was pending between the parties — beyond the assignment of error, we will not consider it. Connors v. U.S.Bank, Franklin App. No. 07AP-649, 2008-Ohio-1838, ¶ 17-18 (declining to address assignments of error in the absence of arguments in support);Bond v. Village of Canal Winchester, Franklin App. No. 07AP-556,2008-Ohio-945, ¶ 16 (stating that "[i]t is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error"). *Page 8 
 {¶ 18} Moreover, we discern no support for this argument in the record. Even if we were to agree with appellants that a trial court errs by denying Civ. R. 60(B) relief when another action is pending between the parties, that conclusion would not aid appellants here because the fraud action had concluded by the time the trial court ruled on appellants' motion and had been decided against appellants. We note, too, that appellants appealed that decision to this court, and this court affirmed it. See Samaan v. Walker, Franklin App. No. 07AP-767,2008-Ohio-5370. Since the other action pending between the parties has been decided in favor of appellee, we discern no support for appellants' argument that that action should have precluded the trial court from denying them relief under Civ. R. 60(B).
 {¶ 19} For all these reasons, we overrule appellants' sole assignment of error.
Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH, P.J., and T. BRYANT, J., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1