OPINION
{¶ 1} Timothy M. Glass ("appellant") is a principal member of LNG Resources, LLC, an insolvent real estate management company that defaulted on a mortgage and *Page 2 
cognovit note to Heartland Bank resulting in judgments for the bank totaling $1,716,540. Neither LNG nor appellant appealed the judgments. Subsequently, the bank requested that the trial court appoint a receiver, and the court granted that request. Appellant, however, refused to comply with the court's order. Appellant filed this appeal claiming that the trial court abused its discretion in appointing the receiver. For the following reasons, we disagree, and affirm the judgment of the trial court.
 {¶ 2} Appellant[1] assigns seven errors for our consideration:
 [I.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE RECEIVER TO BE APPOINTED WITHOUT A BOND.
 [II] THE TRIAL COURT ABUSED ITS DISCRETION IN DIRECTING THE EXTRAORDINARY REMEDY OF A RECEIVER BY NOT TAKING INTO ACCOUNT ALL THE CIRCUMSTANCES AND FACTS OF THE CASE, THE PRESENCE OF CONDITIONS AND GROUNDS JUSTIFYING THE RELIEF, THE ENDS OF JUSTICE, THE RIGHTS OF ALL PARTIES INTERESTED IN THE CONTROVERSY AND SUBJECT MATTER, AND THE ADEQUACY AND EFFECTIVENESS OF OTHER REMEDIES.
 [III] THE TRIAL COURT ABUSED ITS DISCRETION IN DIRECTING THE EXTRAORDINARY REMEDY OF A RECEIVER WITHOUT MAKING ESSENTIAL DETERMINATIONS ON THE BASIS OF AN ERRONEOUS STANDARD OF PROOF AND WITH A RECORD DEVOID OF EVIDENCE REQUIRED BY LAW FOR THE APPOINTMENT OF A RECEIVER.
 [IV] THE TRIAL COURT ERRED IN ALLOWING THE RECEIVER TO SEIZE OTHER ASSETS OUTSIDE OF THE PROPERTY FOR WHICH IT WAS REQUESTING THE APPOINTMENT OF A RECEIVER, THEREBY ALLOWING IT *Page 3 
TO ACT AS A GENERAL RECEIVER INSTEAD OF A PROPERTY RECEIVER.
 [V] THE TRIAL COURT ERRED IN ALLOWING THE RECEIVER TO AUTOMATICALLY EFFECT [sic] A SELF HELP EVICTION ON THE CURRENT MANAGEMENT COMPANY THAT WAS IN PLACE.
 [VI] THE TRIAL COURT ERRED IN ALLOWING A RESTRAINING ORDER AGAINST DEFENDANT-APPELLANT TIMOTHY GLASS WITHOUT A HEARING ON SUCH ORDER.
 [VII] THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION FOR APPOINTMENT OF RECEIVER WITHOUT FIRST HAVING ASCERTAINED THAT A RECEIVER WAS AUTHORIZED PURSUANT TO [R.C. 2735.01
et seq.].
 {¶ 3} Because the General Assembly has vested the trial courts with broad discretion in appointing receivers, we review such decisions using an abuse of discretion standard. State ex rel. Celebrezze v. Gibbs
(1991), 60 Ohio St.3d 69, 73, 573 N.E.2d 62. An abuse of discretion is more than an error in law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 68; Poske v. Mergl (1959), 169 Ohio St. 70, 75, 157 N.E.2d 344.
 {¶ 4} A receivership is an equitable remedy by which a court appoints a disinterested third party to manage assets or property that are the subject of diverse claims. See, e.g., Black's Law Dictionary (8 Ed. 2004) 1296-1297; R.C. 2735.01 et seq. (West 1953). In Ohio, the law of receiverships is set forth in R.C. 2735.01 et seq., which provides that a court may appoint a receiver in any number of situations, including to prevent loss or damage to the property, to carry out a judgment, when a corporation is being dissolved, is insolvent, or is in danger of becoming insolvent, or in other situations where more than one party may have a colorable claim to the subject property. *Page 4 
 {¶ 5} A cognovit note is a promissory note having a special clause that allows the lender to obtain judgment against the note maker upon default, without a formal trial. See, generally, D.H. Overmyer Co., Inc.of Ohio v. Frick Co. (1972), 405 U.S. 174, 176-177, 92 S.Ct. 775. Cognovits have been around for centuries, and for obvious reasons, they are highly controversial. Some states have abolished cognovits altogether; Ohio, like most states, allows cognovits in limited circumstances in commercial transactions. See id. at 177-178; see, also,Classic Bar Billiards, Inc. v. Fouad Samaan, Franklin App. No. 08AP-210, 2008-Ohio-5759, at ¶ 8. Cognovits are disallowed in small loans or consumer sales. Ibid.
 {¶ 6} In this case, appellant and defendants gave Heartland Bank a mortgage and two cognovit notes in connection with the purchase of an apartment building in Grove City. The first note was for $1,810,000, dated November 20, 2001; the second note was for $50,000, dated April 4, 2003. Appellant and LNG defaulted on these notes (i.e., failed to make the required payments). Heartland, accordingly, filed a complaint on the cognovit notes on February 6, 2008. On the same day, counsel for the collective defendants filed an answer confessing judgment to the bank (i.e., they did not deny any allegations in the complaint). This resulted in the trial court rendering judgment for plaintiff on February 7, 2008, for $1,666,488.25 against LNG, appellant, and Lawrence W. Newman (LNG's other principal), and for $48,052.77 against the aforementioned parties plus Cardosi Properties, Ltd., and George B. Juanita I. Cardosi (previous *Page 5 
purchasers of the property).[2] Both judgments also included interest, late charges, and attorney fees. Again, appellant did not appeal the judgment.
 {¶ 7} Meanwhile, the mortgaged property, which was the subject of the notes and judgment, was in jeopardy. Property taxes of $209,069.59 remained unpaid. (See Appellee's Appendix, at exhibit No. 3.) Fewer than half of the apartments were rented. (See id. at exhibit No. 4.) The Grove City building inspector had issued numerous code violations, some of which were serious, and all of which remained unresolved. (See id. at exhibit No. 5.) To protect its interest in the property, the bank filed a motion to put the property into receivership under R.C. 2735.01(C), (E) and (F).
 {¶ 8} Appellant opposed the appointment of a receiver, citing no compelling facts, but citing case law stating that receivership is an extraordinary remedy. Defendant, Lawrence W. Newman, filed a motion consenting to the appointment of a receiver.
 {¶ 9} Based on the evidence that the subject property was in jeopardy, the trial court granted the bank's motion for receivership on April 8, 2008. Once the court appointed the receiver, Gryphon Asset Management, the receiver was solely responsible for managing the property, which included paying for all taxes, utilities, other liabilities, maintenance, and collecting rent from the tenants. Appellant was also ordered to vacate his offices from the premises:
 IT IS HEREBY FURTHER ORDERED, ADJUDGED[,] AND DECREED that all persons currently employed by the Judgment Debtor [LNG Resources], its agents, employees, affiliates, members, and managers, Newman and Glass, are prohibited from entering the Premises without the express *Page 6 
consent and upon the invitation of the Receiver, and they are expressly prohibited from removing, altering[,] or destroying any of the property, real or personal, of the Judgment Debtor. To that end, the Receiver is authorized to change locks and take precautions to protect and preserve the Premises from damage by any person.
(Order Appointing Receiver, April 18, 2008, at 5-6.)
 {¶ 10} Appellant apparently did not understand the court's instructions, because subsequent to this order, there was evidence that he or one of his agents collected (or attempted to collect) rent from the existing tenants for the month of May.
 {¶ 11} In light of these facts, we cannot say that the trial court erred, much less abused its discretion in appointing a receiver. We, therefore, overrule the second, third, and seventh assignments of error. We will now address appellant's other assignments of error in order.
 {¶ 12} In the first assignment of error, appellant argued that the trial court abused its discretion in appointing a receiver without requiring that the receiver post bond. Appellant cites no statutory authority or binding case law to support his argument. Furthermore, R.C. 2735.03 provides that the trial court has broad discretion to determine the amount of the bond. Although the statute does not expressly authorize the trial court to set bond at $0, we do not need to address the question of whether a bond of $0 is appropriate today because we find that appellant waived this argument by not raising it in the trial court. The first assignment of error is overruled.
 {¶ 13} The fourth, fifth, and sixth assigned errors all concern the receiver's removal of appellant from the property, as provided by the trial court's order. Despite the overwhelming clarity with which the trial court crafted its order appointing the *Page 7 
receiver (ante), appellant is/was somehow under the impression that he was entitled to remain on the subject property, and to maintain his personal office there as well:
 Concerning the self help eviction, Gryphon has stated that there is no lease for the office at [the premises]. There is a valid lease in place, and under Ohio eviction law, Gryphon must effect a legal eviction. No eviction was filed. Gryphon simply changed the locks, seized everything and banned us from the property.
(Appellant's Reply Brief, at 8.)
 {¶ 14} Whatever "lease" appellant is referring to in his brief is no more than a legal fiction. Appellant is trying to say that he owns another company, separate and apart from LNG Resources, and that this company has a separate legal right to remain on the premises by virtue of a claimed leasehold interest. It is obvious that appellant's argument is little but an attempt to thwart the receiver from performing its duties. Appellant did not present any such lease to the trial court, without proof we will not consider the argument as viable. Moreover, the trial court made it abundantly clear that appellant was prohibited from entering upon or remaining upon the premises. The court even authorized the receiver to change the locks, and to seize any and all remaining property, "real or personal," that remained on the premises. Thus, the fourth, fifth, and sixth assignments of error are without merit, and are overruled.
 {¶ 15} In sum, we have overruled all seven assignments of error. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLATT and FRENCH, JJ., concur.
[1] As corporations must be represented by licensed counsel in judicial proceedings, Timothy M. Glass is appealing (and representing himself) with regard only to his individual interests. See, e.g.,Cleveland Bar Assn. v. CompManagement, Inc., 111 Ohio St.3d 444, 452,2006-Ohio-6108, 857 N.E.2d 95, at ¶ 22 ("[A] layperson generally may not represent the corporation or take any legal action on behalf of the corporation before a court or administrative agency").
[2] On the day following the issuing of these judgments, the trial court vacated the judgments against the Cardosis, because of a contemporaneous bankruptcy proceeding in the Southern District of Ohio. *Page 1