[Cite as *State ex rel. Yost v. Summer Rays, Inc.*, 2019-Ohio-3907.]

THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. [Dave Yost], Attorney General of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Nos. 18AP-929 and 19AP-133 |
| | : | (C.P.C. No. 18CV-5717) |
| v. | : | |
| Summer Rays, Inc. et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

D E C I S I O N

Rendered on September 26, 2019

**On brief:** [*Dave Yost*], Attorney General, *Matthew T. Green, William A. Sieck,* and *Tammy C. Chavez,* for appellee [Dave Yost], Attorney General of Ohio. **Argued:** *William A. Sieck.*

**On brief:** *Strip Hoppers Leithart McGrath & Terlecky Co., LPA, Kenneth R. Goldberg,* and *Aaron C. Firstenberger,* for appellee Reg Martin, as Court Appointed Receiver. **Argued:** *Kenneth R. Goldberg.*

**On brief:** *Ronald B. Noga,* for appellants. **Argued:** *Ronald B. Noga.*

APPEALS from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendants-appellants, Summer Rays, Inc. ("Summer Rays"), Reynoldsburg Revolve Church ("RRC"), and Charles Kirk, appeal from the November 5, 2018 and February 4, 2019 orders of the Franklin County Court of Common Pleas authorizing and

confirming the sales of four parcels of real estate by a court-appointed receiver. For the reasons outlined below, we affirm.

{¶ 2} Summer Rays and RRC are Ohio non-profit 501(C)(3) charitable organizations providing sober living housing, programming, and other assistance to individuals recovering from substance abuse and addiction. Charles Kirk is the executive director of both entities.[1] Summer Rays and RRC hold title to more than two dozen properties, mainly single family homes and duplexes which serve as sober living residences for program participants. Summer Rays charges residents a monthly fee to live in its properties. Residual expenses are paid out of profits earned through several businesses run by Summer Rays.

{¶ 3} Following an extensive investigation, plaintiff-appellee, State of Ohio, through the Ohio Attorney General, filed a complaint on July 9, 2018 alleging a pattern of misappropriation and misuse of charitable funds and other abuses of the entities' charitable status. The complaint specifically asserted claims for breach of fiduciary duty, conversion, civil conspiracy, unjust enrichment, fraud, reformation of charitable trust, abuse of a charitable trust, and other statutory violations involving falsification of records and interference with appellee's investigation.

{¶ 4} Upon appellee's motion filed contemporaneously with the complaint, the trial court issued a temporary restraining order and appointed an interim receiver. Thereafter, on July 16, 2018, pursuant to an Agreed Order executed by the parties, the trial court issued a preliminary injunction and lifted the interim designation from the receiver. As pertinent here, the Agreed Order noted that appellee filed its motion for a temporary restraining order "to preserve any charitable assets held by Defendants and to protect the well-being of the individual residents of Summer Rays." (July 16, 2018 Agreed Order at 1.) The Agreed Order provided the receiver with broad authority to "manage, operate, protect, and have complete and exclusive charge and control of all of the assets, business and operations of Summer Rays and RRC, without limitation, all real property." *Id.* at ¶ 4. In

---

[1] Additional defendants in this action are Marsha L. Kirk (Charles Kirk's wife), Jacquelyn G. Kirk, Jenna Kirk, Juliette Kirk (Charles Kirk's daughters), Tammy J. Gollihue, Teresa Perry, Deborah L. Garrison (Charles Kirk's sister, cousin and aunt, respectively), and Heartland Bank. The individual defendants, other than Juliette Kirk, are officers and/or directors of Summer Rays and/or RRC. Heartland Bank holds a security interest in several properties owned by Summer Rays and/or RRC.

addition, the Agreed Order authorized the receiver "to do all things and to take all actions, in his judgment, that are necessary or appropriate to preserve, protect and maintain the Assets." *Id.* at ¶ 6. The Agreed Order also provided that "[i]n the event the Receiver determines the best use of the receivership estate would be the disposition of some or all of the Assets, then the Receiver may make application to the Court for authorization to sell the property, after notice and an opportunity to object has been given to all interested parties." *Id.* at ¶ 27. Additionally, the Agreed Order stated that "[t]he Court hereby approves the Receiver's retention of Lighthouse Behavioral Health Solutions ["Lighthouse"] to assist in the operation of Summer Rays and RRC." *Id.* at ¶ 34. Appellants did not appeal the Agreed Order.

{¶ 5} On September 13, 2018, the receiver submitted his "First Report and Receivership Plan" ("Report and Plan"). Therein, the receiver detailed the challenges involved in assessing and gaining control of appellants' complex business operations and assets. The receiver also described progress made by Lighthouse in managing the operations of the sober living program. Noting that the revenue collected from program participants was insufficient to maintain the sober living operation and pay receivership expenses, the receiver determined it would be necessary to liquidate a portion of the real estate. The receiver asserted that in order to avoid disturbing program residents, he would begin by selling unoccupied properties. Appellants filed an objection to the Report and Plan; the receiver filed a response.

{¶ 6} In accordance with the Report and Plan, the receiver obtained valuations of the properties and began marketing them for sale. Thereafter, the receiver filed motions in August, October, and December 2018 seeking court approval to sell four of the Summer Rays/RRC properties in separate, private sales.[2] In support of the motions, the receiver attached copies of the proposed, signed purchase contracts, along with his personal affidavit attesting, inter alia, that: the purchase prices were consistent with recent property valuations and therefore reasonable; sales of the properties were in the best interest of the receivership estate; sales of the properties would avoid continuing administrative expenses

---

[2] The August motion involved a single-family dwelling at 408 Park Avenue in Kent, Ohio. The October motion concerned single-family dwellings at 1504 Graham Road in Reynoldsburg, Ohio, and 1047 Hebron Road in Buckeye Lake, Ohio. The December motion related to a duplex at 1273-1275 Lancaster Avenue in Reynoldsburg, Ohio.

and thus maximize the value for creditors of the receivership; the properties were generating costs but no income for the receivership estate; and the properties were vacant and therefore the sales would not displace any program residents. Appellee filed memoranda supporting the motions. Appellants filed objections and memoranda contra, and the receiver filed replies.

{¶ 7} On November 5, 2018, the trial court held a hearing on the receiver's Report and Plan and his August and October motions for authority to sell the Park Avenue, Graham Road, and Hebron Road properties. Counsel for the parties, the receiver, Heartland Bank, and Harbor Recovery Residences (an affiliate of Lighthouse) argued their respective positions. As relevant here, counsel for appellants argued that the receiver's plan constituted a "plan of liquidation" in contravention of the Agreed Order, which, counsel argued, was "supposed to be a status quo receiver." (Nov. 5, 2018 Tr. at 7, 9.) Counsel for the receiver disputed the claim that the receiver intended to liquidate all of the assets of Summer Rays and RRC. No evidence was presented at the hearing.

{¶ 8} Following the hearing, the trial court issued an order on November 5, 2018 approving the receiver's Report and Plan. In its order, the court authorized the receiver to continue utilizing Lighthouse to operate the sober living facilities and to sell unoccupied properties to meet operating costs and pay receivership administrative expenses, provided that all purchase contracts were first presented to the court for approval. On the same day, the trial court entered a separate order authorizing and confirming the sales of the Park Avenue, Graham Road, and Hebron Road properties. On February 4, 2019, the trial court entered an order authorizing and confirming the sale of the Lancaster Avenue property.[3] Both orders directed the proceeds of the sales to be distributed at closing as follows: first, to pay outstanding real estate taxes and assessments; second, to pay closing costs attributable to the receiver; and third, to the receiver to be utilized in his discretion to pay receivership administrative expenses, including fees and expenses of the receiver and his counsel, but only upon the entry of a court order authorizing such payments.

---

[3] No hearing was held on the December 11, 2018 motion to sell the Lancaster Avenue property.

{¶ 9}    Appellants have timely appealed from the November 5, 2018 and February 4, 2019 orders[4] and assign the following three errors for this court's review:

> [I]. The Trial Court has abused its discretion in permitting the Receiver to subvert the purpose of Agreed Preliminary Injunction Order which was to preserve the assets and the community NOT liquidate it for profit.
>
> [II]. There is no statutory authority for the appointment of this Receiver under O.R.C. Section 2735.01 other than in equity and therefore the Trial Court abused its discretion in authorizing the sale of Defendants' property in the absence of any showing of irreparable harm.
>
> [III]. The Trial Court's order is internally inconsistent and is an abuse of discretion as well as violative of Due Process.

{¶ 10}   In their first assignment of error, appellants contend the trial court abused its discretion in authorizing and confirming the sales of the four properties.  We disagree.

{¶ 11}   Pursuant to Ohio's receivership statutes, a trial court must exercise sound judicial discretion in overseeing a receivership.  *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 74 (1991).  Absent an abuse of discretion, a reviewing court will not disturb a trial court's judgment.  *Id.*  "Abuse of discretion will not be found where the reviewing court simply could maintain a different opinion were it deciding the issue *de novo*, but rather represents an attitude that is unreasonable, arbitrary, or unconscionable."  *McGee v. C & S Lounge,* 108 Ohio App.3d 656, 659 (10th Dist.1996).

{¶ 12}   R.C. 2735.01 provides for the appointment of a receiver by a common pleas court in specified circumstances.  R.C. 2735.04(A) mandates that the powers of a receiver be set forth in the court order appointing the receiver.  Among those powers is the power to "[s]ell and make transfers of real or personal property," under the control of the court that appointed the receiver.  R.C. 2735.04(B)(5).  A trial court has discretion to limit or expand the receiver's powers as it deems appropriate, *Norris v. Dudley,* 10th Dist. No. 07AP-425, 2007-Ohio-6646, ¶ 21, including the power to authorize the receiver to sell property at a private sale free and clear of liens.  *Park Natl. Bank v. Cattani, Inc.,* 187 Ohio App.3d 186,

---

[4] Appellants' appeals from the trial court's November 5, 2018 and February 4, 2019 orders are docketed as 18AP-929 and 19AP-133, respectively.  By journal entry filed April 3, 2019, this court granted the parties' joint motion for leave to consolidate the cases for purposes of briefing, oral argument, and determination.

189 (12th Dist.2010).   An appellate court reviews a trial court's decision approving the receiver's sale of real property for an abuse of discretion. *Lucas v. Reywal Co., L.P.*, 10th Dist. No. 17AP-479, 2019-Ohio-27, ¶ 19, citing *Yidi, L.L.C. v. JHB Hotel, L.L.C.,* 8th Dist. No. 104856, 2017-Ohio-1285, ¶ 7.

{¶ 13} In the present case, in accordance with R.C. 2735.04(A), the Agreed Order sets forth the powers of the receiver. As noted above, one such power is set forth in paragraph 27 of the Agreed Order, which expressly authorizes the receiver, upon a determination that the best use of the receivership estate is to liquidate some of the real property, to apply to the court for authorization to sell the property after notice and an opportunity to object have been provided to all interested parties.

{¶ 14} Appellants do not contest the receiver's statutory authority to sell the properties. Rather, appellants maintain that the trial court's orders authorizing and confirming the sales of the properties essentially allowed the receiver to subvert the purpose of the Agreed Order, which is, according to appellants, to preserve, not liquidate, the assets included in the receivership estate.   In support, appellants rely primarily on the preservation of assets language set forth on page 1 and paragraph 6 of the Agreed Order. However, appellants assign an unreasonably narrow construction to the term "preserve" as used in the Agreed Order. Appellants essentially contend that "preserve" means that the receiver is to do nothing more than hold the assets, including the real property.  Indeed, appellants asserted as much at the November 5, 2018 hearing, referring to the receiver as a "status quo receiver." (Nov. 5, 2018 Tr. at 9.)   Counsel for appellants echoed this position at oral argument before this court, characterizing the receiver's plan as one of liquidation, not preservation or maintenance of the status quo.

{¶ 15} We agree with the receiver that the term "preserve" as used in the Agreed Order is more reasonably construed as preventing the assets from falling to waste, deteriorating in value, or being subjected to improper use.  Indeed, liquidation of some assets may "preserve" other assets or the receivership estate generally.  This broader construction comports with the language of paragraph 27 of the Agreed Order.  Appellants' construction requires that paragraphs 6 and 27 be interpreted independently, that is, that the "preserve" language in paragraph 6 be given effect without regard to the language in paragraph 27 granting the receiver authority to liquidate assets. In essence, appellants'

argument effectively eliminates paragraph 27 from the Agreed Order. As the Agreed Order constitutes a binding contract,[5] such a construction runs afoul of the fundamental principle of contract interpretation that in determining the parties' intent, a court must read the contract as a whole and give effect, if possible, to every part of the contract. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361-62 (1997).

{¶ 16} After a thorough review of the record, including the entire Agreed Order, and under the facts of this case, we find that the trial court did not abuse its discretion in authorizing and confirming the sales of the properties. The trial court was well within its discretion in finding, based upon the undisputed evidence set forth in the receiver's affidavit attached to the motions seeking authorization to sell the properties, that such sales will help facilitate the administration of the receivership estate, that proceeds from the sales are needed to maintain operations of the sober living facilities and pay the receivership administration expenses, that the properties are vacant and the sales will not displace the sober living residents, and that the purchase contracts represented commercially reasonable prices for the properties. Accordingly, we overrule appellants' first assignment of error.

{¶ 17} In their second assignment of error, appellants contend that there is no statutory authority for the appointment of a receiver under R.C. 2735.01 other than in equity; accordingly, the trial court abused its discretion in authorizing the sale of the properties in the absence of a showing of irreparable harm.

{¶ 18} We note initially that appellants have waived any argument regarding appointment of the receiver. The receiver was appointed pursuant to the Agreed Order to which appellants were a party. The requirements of R.C. 2735.01 governing the appointment of a receiver may be waived by contract. *City Natl. Bank v. WBP Invest., LLC,* 10th Dist. No. 10AP-1134, 2011-Ohio-6129, ¶ 12.

{¶ 19} Moreover, an order appointing a receiver is a final appealable order that affects a substantial right in a special proceeding; R.C. 2505.02(B)(2). *Hummer v.*

---

[5] "[A]n agreed order * * * in itself is a binding contract." *GZK, Inc. v. Schumaker,* 2d Dist. No. 22172, 2008-Ohio-1980, ¶ 108, fn. 4, citing *Hayes v. White,* 7th Dist. No. 01 CO 00 (Dec. 3, 2001) (noting that "[a]n agreed judgment entry is the court's acknowledgement that the parties have entered into a binding contract.").

*Hummer,* 8th Dist. No. 96132, 2011-Ohio-3767, ¶ 8, citing *Cunningham v. Ohio Police & Fire Pension Fund,* 175 Ohio App.3d 566, 2008-Ohio-218, ¶ 6 (8th Dist.).  Thus, an order appointing a receiver must be appealed within 30 days.  *Id.,* citing *Hartley v. Hartley,* 9th Dist. No. 03CA0094-M, 2004-Ohio-4956, ¶ 12; App.R. 4(A).  A party's failure to timely challenge the appointment of a receiver precludes a later challenge to that appointment or the authority granted the receiver.  *Id.,* citing *Hartley* at ¶ 12.  Appellants do not argue, and the record does not reveal, that they appealed any aspect of the Agreed Order, including the appointment of the receiver.  Accordingly, because appellants consented to the appointment of a receiver under the Agreed Order and because no appeal was taken from that order, the appointment may not be challenged herein.

{¶ 20}  Furthermore, appellants have also waived the argument that the receiver's authority to sell property is limited by "usages of equity" under R.C. 2735.04(A)(7) and requires a demonstration that the sales were needed to avoid "irreparable" harm.  Appellants did not assert this argument in the trial court.  In general, issues not raised before the trial court are waived on appeal, and appellate courts need not consider errors that the complaining party could have brought to the attention of the trial court at the time the error could have been corrected.  *Parker v. Elsass,* 10th Dist. No. 01AP-1306, 2002-Ohio-3340, ¶ 14, citing *State ex rel. Quarto Mining Co. v. Foreman,* 79 Ohio St.3d 78, 81 (1997).

{¶ 21}  Additionally, nothing in R.C. Chapter 2735 requires a receiver to demonstrate "irreparable harm" prior to seeking court approval to sell real property.  The process by which a receiver may sell real property is set forth in R.C. 2735.04(D). That process does not include a demonstration of "irreparable harm."  Rather, under R.C. 2735.04, applicable conditions for the sale of real property pursuant to court approval are: that the prospective purchaser and proposed terms of sale are identified (R.C. 2735.04(D)(2)(a)(ii)); that interested persons are given written notice and an opportunity for a hearing (R.C. 2735.04(D)(2)(b) and (c)); and that the sales must be in the best interest of the receivership estate, be fair to interested persons, be reasonable under the circumstances, and maximize the return from the sale of the property to the receivership estate (R.C. 2735.04(D)(1)(a) and (D)(3)(a)).  In the present case, the trial court expressly found the requirements of R.C. 2735.04 were satisfied.  (Nov. 5, 2018 Order at 2; Feb. 4, 2019 Order at 2.)

{¶ 22} Moreover, appellants' reliance on this court's decision in *Ohio Bur. of Workers Comp. v. Am. Professional Emp., Inc.,* 184 Ohio App.3d 156 (10th Dist. 2009) is misguided. That case addressed what a party seeking appointment of a receiver must demonstrate. To that end, we cited with approval cases from other appellate districts stating that the appointment of a receiver is to be exercised only where the failure to do so would place the petitioning party in danger of suffering irreparable loss or injury. *Id.* at ¶ 11, citing *Equity Ctrs. Dev. Co. v. S. Coast Ctrs., Inc.,* 83 Ohio App.3d 643, 649 (8th Dist.1992). The case is not applicable here, as it does not concern the exercise of power by a receiver who has already been appointed by the court with the agreement of the parties.

{¶ 23} Appellants' reliance on *Lockard v. Lockard,* 175 Ohio App.3d 245 (4th Dist.2008) is similarly unpersuasive. There, the plaintiff appealed a trial court order appointing a receiver in a divorce action. The reviewing court found no abuse of discretion in the trial court's decision to appoint a receiver; however, the court determined that "some of the power and authority delegated to the receiver may be excessive." *Id.* at ¶ 11. Specifically, the court took issue with the trial court ordering the receiver to take possession of and sell the assets, including the inventory of the gun store owned by the parties, without first providing the parties the opportunity to argue whether a particular asset was marital or separate property. In addition, the court determined that ordering all the inventory of the gun store to be sold "may cause irreparable injury to the business and prevent its operation as an ongoing concern." *Id.* at ¶ 11. Accordingly, the court reversed the trial court's judgment and remanded the matter for the trial court to determine, prior to the sale of any asset, whether the asset was marital or separate property.

{¶ 24} *Lockard* is clearly distinguishable from the instant case, as there was no agreement between the parties concerning the appointment of the receiver or the exercise of power by the receiver. Furthermore, in the present case, the trial court conducted a hearing prior to authorizing the sale of the properties at which appellants were provided the opportunity to contest the sale.

{¶ 25} For all the foregoing reasons, we overrule appellants' second assignment of error.

{¶ 26} Appellants' third assignment of error contends that the trial court's order is internally inconsistent and violates due process. Again, we disagree.

{¶ 27} Appellants' argument regarding the alleged inconsistency of the trial court's order is premised upon the claim that because the proceeds of the approved sales will be less than the incurred but unpaid expenses of the receiver and Lighthouse, other lienors of the properties, including appellants, will lose their liens and recover no proceeds. However, Ohio law protects owners and others having an equity of redemption under R.C. 2735.04(D)(7) and persons with a recorded or filed a lien under R.C. 2735.04(D)(2)(b) and (D)(3)(b). The trial court's order ensured and found compliance with these statutory protections. Further, appellants point to nothing in the record demonstrating that any person has a recorded or filed lien encumbering any of the properties. Because the trial court order properly protected liens, if any, affected by the proposed sales, no due process violation occurred.

{¶ 28} Appellants next claim that their due process rights have been violated because the properties are being liquidated by a receiver for whom no bond was demanded in order to pay his own fees prior to any adjudication on the merits of appellee's complaint.

{¶ 29} We note initially that appellants' challenge to the receiver's $0 bond has been waived. As set forth in the Agreed Order, a $0 bond was approved by the trial court with agreement of the parties. Appellants did not appeal the Agreed Order and did not later object to the proposed sales based on the $0 bond. Accordingly, appellants may not now challenge the bond. "R.C. 2735.03 provides that the trial court has broad discretion to determine the amount of the bond. Although the statute does not expressly authorize the trial court to set bond at $0, we do not need to address the question of whether a bond of $0 is appropriate today because we find that appellant waived this argument by not raising it in the trial court." *Heartland Bank v. LNG Resources, LLC,* 10th Dist. No. 08AP-410, 2008-Ohio-6226, ¶ 12.

{¶ 30} Additionally, appellants' reliance on *Peebles v. Clement*, 63 Ohio St.2d 314 (1980) is misplaced. *Peebles* involved a challenge to Ohio's prejudgment attachment statute, R.C. Chapter 2715. The Supreme Court of Ohio held that "[t]he prejudgment attachment procedure provided for in R.C. Chapter 2715 fails to give a defendant sufficient due process guarantees under the United States and Ohio Constitutions due to the failure of the statute to provide for judicial supervision of the procedure." *Id.* at paragraph two of

the syllabus. Here, the statutory scheme governing receiverships set forth in R.C. Chapter 2735 provides for a full judicial review of pre-judgment sales by a receiver.

{¶ 31} In addition, Ohio courts have stated that a trial court does not abuse its discretion in authorizing a pre-judgment power of sale by a receiver. In *U.S. Bank, N.A. v. Gotham King Fee Owner, L.L.C.*, 8th Dist. No. 98618, 2013-Ohio-1983, the property owner in a foreclosure action argued that allowing the receiver to sell the property before a final judgment in foreclosure improperly circumvented the due process protection afforded him in the foreclosure proceeding. The court disagreed, reasoning that because a receiver sale of property will only be granted upon court approval of the terms of the sale and upon notice to all interested parties, the due process rights of the property owner were effectively protected. *Id.* at ¶ 27. *See also Yidi*, 8th Dist. No. 104856, 2017-Ohio-1285, ¶ 12 (Ohio receivership statute allows a receiver to sell real property pre-judgment free and clear of all liens). Although *Gotham King* involved a receivership in a foreclosure action, the due process principles underlying the court's decision apply in the present case. Here, the trial court authorized sales of the properties only after it reviewed the fairness of the sale terms and permitted appellants the opportunity to respond.

{¶ 32} Finally, appellants argue that the receiver's alleged confiscation of, and denial of access to, all of appellants' personal and business records constitutes a denial of due process. The receiver took possession of the records pursuant to the July 16, 2018 Agreed Order. In August 2018, appellants filed a motion seeking access to the records, and the matter was referred to a magistrate. In November 2018, pursuant to agreement between the parties, the magistrate issued an order specifying the manner by which appellants were to be provided access to the records. Appellants did not object to the magistrate's order. Instead, in December 2018, appellants filed a second motion for access to the records, arguing that the November 2018 agreement between the parties had proven unworkable. The matter was again referred to a magistrate, who set the matter for hearing in February 2019. However, in an order filed prior to the hearing date, the magistrate vacated the hearing date pursuant to a report from appellants' counsel indicating that the parties had resolved the issue. The issue having been resolved, appellants' due process argument is moot.

{¶ 33} For all the foregoing reasons, we overrule appellants' third assignment of error.

{¶ 34} Having overruled appellants' first, second, and third assignments of error, we hereby affirm the orders of the Franklin County Court of Common Pleas.

*Orders affirmed.*

SADLER and NELSON, JJ., concur.