OPINION
{¶ 1} This is an appeal by defendants-appellants, Craig A. Jarrell and John L. Snyder (collectively "appellants"), from a judgment of the Franklin County Court of Common Pleas, denying appellants' Civ.R. 60(B) motions for relief from a cognovit judgment.
 {¶ 2} On May 1, 1998, Pell Bostwick, Inc. ("Pell Bostwick") and plaintiff-appellee, Fifth Third Bank ("Fifth Third"), entered into a loan agreement whereby Fifth Third agreed to make available a revolving line of credit in the principal amount of $225,000. Chip Regis, the owner of Pell Bostwick, and appellants, who were then officers of the corporation, signed the agreement on behalf of Pell Bostwick. Contemporaneously, the parties signed a security agreement as well as a certificate of deposit assignment. Also on May 1, 1998, Regis and appellants all signed separate "unlimited payment" guaranties.
 {¶ 3} On February 15, 1999, Pell Bostwick executed a renewal note in the amount of $225,000. The note referenced the May 1, 1998 guaranties, and further stated that it was supplemented by the May 1, 1998 loan agreement. Pell Bostwick executed another renewal note in the amount of $225,000 on April 15, 1999. On June 15, 1999, Pell Bostwick executed a "renewal/decrease" note in the amount of $125,000. The note referenced the May 1, 1998 unlimited guaranties of Regis and appellants.
 {¶ 4} On June 15, 2000, Pell Bostwick again executed a renewal note in the amount of $125,000. That note referenced the May 1, 1998 guaranties of Regis and appellant Jarrell, and contained a provision stating it was supplemented by the loan agreement dated June 15, 1999. Pell Bostwick executed a similar renewal note in the amount of $125,000 on September 15, 2000. On September 15, 2001, Pell Bostwick executed another renewal note in the amount of $125,000, whereby Pell Bostwick was required to make monthly payments to Fifth Third on the 15th day of each month. The note referenced an unlimited payment guaranty of Regis, dated September 15, 2001, and further provided it was supplemented by the loan agreement dated June 15, 1999.
 {¶ 5} On April 22, 2003, Fifth Third filed a complaint for judgment on a cognovit note, naming as defendants Pell Bostwick, PB Technologies, LLC ("PB Technologies"), and appellants. The complaint alleged that Pell Bostwick and PB Technologies defaulted in payment on the September 15, 2001 note, and that the sum of $111,299.38, plus interest, was due. The complaint further alleged that Fifth Third had demanded payment of the entire balance of the note from appellants, based upon the unlimited payment guaranties they signed on May 1, 1998, but that appellants had failed to pay.
 {¶ 6} By judgment entry filed on April 23, 2003, the trial court ordered that Fifth Third recover the sum of $111,299.38, plus interest, on its first claim against defendants Pell Bostwick and PB Technologies. The trial court further ordered that Fifth Third recover, on its second and third claims, the sum of $111,299.38 against appellants, jointly and severally.
 {¶ 7} On April 15, 2004, appellant Jarrell filed a motion to vacate the cognovit judgment, asserting that he was neither a signor nor a guarantor of the September 15, 2001 cognovit note. Jarrell argued that, although he signed a different cognovit note, dated May 1, 1998, Fifth Third failed to inform the court that it released him from liability under the 1998 note as part of the transaction that resulted in the execution of the 2001 note. On May 23, 2003, the trial court filed a decision and entry granting appellant Jarrell's motion to vacate the judgment.
 {¶ 8} On June 3, 2003, Fifth Third filed a memorandum in opposition to appellant Jarrell's motion for relief from judgment. Appellant Jarrell filed an answer on June 6, 2003. On June 30, 2003, appellant Snyder filed a motion to vacate the cognovit judgment. On December 11, 2003, an agreed entry was filed vacating the trial court's May 23, 2003 decision and entry. By decision and entry filed on March 9, 2004, the trial court denied the motions of both appellants to vacate the cognovit judgment.
 {¶ 9} On appeal, appellants set forth the following two assignments of error for review:
[I.] The Trial Court erred when it denied the motion to vacate the cognovit judgment against defendant-appellant Craig A. Jarrell.
[II.] The Trial Court erred when it denied the motion to vacate the cognovit judgment against defendant-appellant John L. Snyder.
 {¶ 10} Appellants' assignments of errors are interrelated and will be considered together. Appellants contend that the trial court decided the motion to vacate under the wrong standard of review, and that the court erred in its conclusion that the guaranties could only be cancelled by written notice from appellants.
 {¶ 11} In order to prevail on a motion brought pursuant to Civ.R. 60(B), a movant must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *."GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Where the judgment sought to be vacated is a cognovit judgment, the standard as set forth in GTE is modified, and the party filing a Civ.R. 60(B) motion need only assert that the motion was timely made and that there is a meritorious defense available. FifthThird Bank of Columbus v. Margolis (Oct. 30, 1997), Franklin App. No. 97APE04-468. See, also, G.W.D. Ent., Inc. v. Down River Specialties,Inc. (May 24, 2001), Cuyahoga App. No. 78291. However, despite this modified standard, the movant is required "to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists." Advanced Clinical Mgmt., Inc. v. SalemChiropractic Ctr., Inc., Stark App. No. 2003CA00108, 2004-Ohio-120, at ¶ 15.
 {¶ 12} In general, "[a] guarantor is one who, by definition, promises to be responsible for the debt of another," and "where the note's maker defaults on its obligations the guarantor steps into the maker's shoes."Rice v. Montgomery, Franklin App. No. 02AP-1261, 2003-Ohio-5577, at ¶ 19. Courts construe guaranty agreements in the same manner as contracts, and a court need not go beyond the plain language of the agreement to determine the parties' rights and obligations if the contract is clear and unambiguous. Maines Paper Food Serv., Inc. v. Eanes (Sept. 28, 2000), Cuyahoga App. No. 77301. A guarantor is bound only by the precise words of his or her contract, but this rule does not entitle the guarantor "to demand an unfair and strained interpretation of those words" in order that the guarantor may be released from the obligation that was assumed. Morgan v. Boyer (1883), 39 Ohio St. 324, 326. This court has previously held that, "[b]y definition, a cognovit provision in a promissory note cuts off every defense, except payment, which the maker of the note may have against enforcement of the note." Tinnes v.Immobilaire, Ltd. (Feb. 13, 2001), Franklin App. No. 00AP-87.
 {¶ 13} Appellants initially contend that the trial court applied the wrong standard of review in deciding the motions to vacate. However, we do not find that the trial court's failure to specifically recite theGTE standard constitutes a basis to conclude that it applied the wrong standard. We note that the parties, in their filings before the trial court, submitted the appropriate standard, and, absent affirmative language in the court's decision suggesting it's application of an incorrect standard, we will presume regularity.
 {¶ 14} Turning to the guaranty's terms, both appellants signed, on May 1, 1998, a separate "unlimited payment guaranty." The pertinent language of each guaranty states in part as follows:
1. GUARANTY: In consideration of an extension of a loan, credit or other financial accommodations given or to be given from time to time pursuant to a note or notes, lease, agreement, or other evidence of indebtedness or given pursuant to any extensions or renewals thereof, or pursuant to any other agreements to extend credit of any kind or nature to Borrower, each Guarantor, jointly and severally, guarantees the prompt payment when due of all indebtedness and liabilities of Borrower of every kind, nature, and character including principal and interest and all renewals, extensions, and modifications thereof now existing or which hereafter may be incurred by Borrower to Bank * * *. The liability of Guarantor hereunder shall be unconditional * * *.
2. LIMITATION BY GUARANTOR: Upon Guarantor's written request to Bank, this payment guaranty shall terminate as to any future new Obligation of Borrower arising after ninety (90) calendar days subsequent to the date of Bank's written acknowledgement to Guarantor of receipt of the request. * * *
3. RELEASE OF GUARANTOR: Without affecting the liability of any of the undersigned not released, Bank may, without notice to the undersigned, release and discharge from liability to it any of the undersigned, if there be more than one, or any other guarantor of, or surety for, the payment of any Obligation of Borrower to Bank.
4. WAIVER OF NOTICE: Guarantor hereby waives notice of any change in the Obligation, including without limitation renewals, extensions or modifications of any Obligation of Borrower and hereby waives presentment, demand, protest, notice of non-payment and notice of dishonor. * * * Guarantor agrees that Bank may accept, surrender, or exchange collateral or security, if any, without notice to Guarantor. Guarantor consents to any impairment of collateral, including without limitation release of the collateral to a third party or failure to perfect any security interest.
5. WAIVER OF IMPAIRMENT OF COLLATERAL: No Guarantor shall be released or discharged, either in whole or in part, by Bank's failure or delay to perfect or continue the perfection of any security interest in any property which secures the obligations of the Borrower or any of the Guarantors to Bank, or to protect the property covered by such security interest.
 {¶ 15} In his motion for relief from judgment, appellant Jarrell argued that Fifth Third released him from liability when it modified the September 15, 2001 note to accept new security without asking him to sign the new note or incorporating the old note by reference. Appellant Snyder made a similar argument in his motion to vacate the judgment.
 {¶ 16} The unambiguous terms of the guaranties, however, do not support appellants' position. As quoted above, the unlimited payment guaranties executed by appellants state that "each Guarantor, jointly and severally, guarantees the prompt payment when due of all indebtedness and liabilities of Borrower of every kind, nature, and character including principal and interest and all renewals, extensions, and modifications thereof now existing or which hereafter may be incurred by Borrower to Bank." Thus, appellants guaranteed in advance to all renewals, extensions and modifications of the original indebtedness, and also waived "notice of any change in the Obligation, including without limitation renewals, extensions or modifications of any Obligation." Under Ohio law, a guarantor, by consenting to such extensions, "can preclude his own discharge." V.F., Inc. v. Hamilton (May 9, 1980), Lucas App. No. L 79-256. Further, Ohio courts have held that a continuing, unlimited guaranty is a separate and distinct agreement from loan agreements.Natl. City Bank v. Concorde Controls, Inc., Lake App. No. 2001-L-113, 2002-Ohio-6578, citing Huntington Natl. Bank v. Martin (Mar. 12, 1999), Lake App. No. 98-L-082. In the instant case, under the broad language of the unlimited payment guaranty agreements, appellants remained obligated for renewal debt regardless of whether they signed, or were listed on, subsequent renewal notes as guarantors.
 {¶ 17} Although not dispositive, we note that the September 15, 2001 loan agreement contains language stating it is "supplemented by the terms and conditions of a loan agreement dated June 15, 1999." As previously noted, the June 15, 1999 loan agreement specifically included, by reference, the "unlimited payment guaranties of Craig A. Jarrell, John L. Snyder, and George Regis all dated May 1, 1998."
 {¶ 18} During oral argument, appellants advanced the contention that, during negotiations leading to the subsequent loan agreements, Fifth Third made overt oral representations to appellants releasing them from their obligations under the unlimited guaranties. The record in this case, however, contains no operative facts by appellants indicating that Fifth Third made such oral representations to them in conjunction with negotiations concerning the later loan documents. As appellants failed to allege sufficient operative facts showing the existence of a meritorious defense, the trial court did not abuse its discretion in denying the requested relief.
 {¶ 19} Finally, the record supports the trial court's finding that appellants did not allege they provided Fifth Third with a written request seeking to limit any future obligation (nor is there any evidence of such notification). Therefore, the court did not err in finding, in the absence of such a request, that the 1998 guaranties remained in effect at the time of the execution of the September 2001 promissory note.
 {¶ 20} Based upon the foregoing, appellants' two assignments of error are without merit and are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Lazarus and Sadler, JJ., concur.