OPINION
{¶ 1} Defendants-appellants, The Kendall Group, Limited, and Gary and Lisa Bachinski, appeal from the judgment of the Franklin County Court of Common Pleas, which denied appellants' Civ.R. 60(B) motion for relief from a January 13, 2005 cognovit judgment awarded to plaintiff-appellee, Simmons Capital Advisors, Ltd.
 {¶ 2} On January 13, 2005, appellee filed a complaint seeking a monetary judgment of $178,916.83 plus interest, attorney fees, and court costs against appellants for their failure to make required payments to appellee on a cognovit note. A cognovit note contains provisions designed to cut off defenses available to a debtor in the event of default. See Tinnes v. Immobilaire IV,Ltd. (Feb. 13, 2001), Franklin App. No. 00AP-87; Fifth ThirdBank v. Jarrell, Franklin App. No. 04AP-358, 2005-Ohio-1260, at ¶ 12. The holder of a cognovit note in default obtains a "`judgment without a trial of possible defenses which the signers of the notes might assert.'" D.H. Overmyer Co., Inc. v. FrickCo. (1972), 405 U.S. 174, 176-177, quoting Hadden v. RumseyProducts, Inc. (C.A.2, 1952), 196 F.2d 92, 96. This is so because under a cognovit note, the debtor consents in advance to the holder obtaining a judgment without notice or hearing.Overmyer at 176. An attorney, whom the note holder may designate, appears on behalf of the debtor and, pursuant to provisions of the cognovit note, confesses judgment and waives the debtor's right to notice of the proceedings. See MedinaSupply Co. v. Corrado (1996), 116 Ohio App.3d 847, 850;Overmyer at 176.
 {¶ 3} Appellee attached to the complaint a copy of the cognovit note. According to the note, appellants "each jointly and severally" promised to pay appellee "the principal sum of One Hundred Fifty Thousand Dollars ($150,000), or so much thereof as may be advanced by" appellee, "together with all charges * * * and interest[.]" Pursuant to Section 2.2 of the note:
The proceeds of the Loans evidenced hereby shall be used exclusively for (i) the payment of professional and consulting fees provided to [appellants] by [appellee] and (ii) for such other expenditures as may be approved by [appellee] in accordance with the procedures set forth in Section 2.3 * * *.
Under Section 2.3 of the note:
* * * [The Kendall Group Limited] agrees that all Advances made by [appellee] under the Note, including any advances made for Fees, will be evidenced by an entry made by [appellee] into a memoranda maintained by [appellee]. [The Kendall Group Limited] further agrees that the sum or sums shown on the most recent memoranda shall be rebuttably presumptive evidence of the amount of the outstanding principal and of the amount of any accrued interest. * * *
Additionally, according to Section 2.1 of the note:
The proceeds of the Loan * * * may be advanced, repaid and readvanced, in partial amounts, during the term of this Note and prior to maturity; provided however, that [appellee] shall not be obligated to make any Advance that when combined with the then outstanding principal balance would exceed the Maximum Amount.
(Emphasis sic.) The note defined "`Maximum Amount'" as the "aggregate principal amount of $150,000."
 {¶ 4} Lisa and Gary Bachinski signed the note in their individual capacities, and Gary Bachinski signed the note on behalf of The Kendall Group, Limited. Before each signature line, the note contained the following cognovit provision:
WARNING — BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.
Section 7.8 also contained a cognovit provision:
[Appellants authorize] any attorney at law to appear in any Court of Record in the State of Ohio or in any other state or territory of the United States after the above indebtedness becomes due, * * * to waive the issuing and service of process, and to confess judgment against the undersigned * * * for the amount then appearing due together with costs of suit, and thereupon to waive all errors and all rights of appeal and stays of execution. * * *
 {¶ 5} On January 13, 2005, an attorney filed an answer on appellants' behalf and confessed judgment for $178,916.83 plus interest, attorney fees, and court costs in favor of appellee and against appellants. Accordingly, on January 13, 2005, the trial court entered a cognovit judgment against appellants for $178,916.83 plus interest, attorney fees, and court costs. In the judgment, the trial court indicated that the attorney confessing judgment waived all errors related to the judgment and proceedings and also waived service of process.
 {¶ 6} Thereafter, on February 22, 2005, appellants filed a Civ.R. 60(B) motion for relief from the January 13, 2005 cognovit judgment. In the Civ.R. 60(B) motion, appellants argued, in pertinent part, that the "principal sum of $178,916.83 exceeds any amount that could legitimately be due." In support, appellants claimed that the cognovit note placed the maximum aggregate principal at $150,000. Likewise, appellants asserted that appellee failed to substantiate the extra $28,916.83 owed.
 {¶ 7} On June 6, 2005, the trial court granted appellants' Civ.R. 60(B) motion and vacated the January 13, 2005 cognovit judgment. The trial court concluded, in pertinent part, that appellants presented a meritorious defense by claiming that the cognovit judgment exceeds the "maximum amount that could possibly be due under the note[.]" The trial court journalized the decision on June 28, 2005.
 {¶ 8} Meanwhile, on June 10, 2005, appellee filed a motion for the trial court to reconsider its decision to grant appellants' Civ.R. 60(B) motion and to vacate the January 13, 2005 cognovit judgment. In the reconsideration motion, appellee argued that payment is the only defense to a cognovit note. Alternatively, appellee argued that the terms of the cognovit note allowed for the judgment exceeding $150,000, and appellee attached a list of loans, i.e., advances, that appellee made to appellants on the note.
 {¶ 9} In response, appellants filed a memorandum in opposition to appellee's motion for reconsideration. Appellants indicated, in part, its desire to challenge the list of advances that appellee claimed it made on the note. In so indicating, appellants asserted, as stated in Section 2.3 of the note, that appellee's schedule of advances was rebuttable evidence on the amount owed on the note.
 {¶ 10} On September 12, 2005, the trial court vacated its previous decision that granted appellants' Civ.R. 60(B) motion. Relying on our previous decision in Jarrell, the trial court concluded that "the only meritorious defense under a cognovit note is payment" and, therefore, appellants' "argument as to the amount of judgment on the [n]ote cannot preclude [appellee] from obtaining a cognovit judgment under the note." Alternatively, the trial court concluded that the terms of the note, in particular Section 2.1, allowed for a judgment in excess of $150,000. Specifically, the trial court stated:
* * * As [appellee] argues, Section 2.1 of the [n]ote only states that [appellee] is not obligated to make advances that "when combined with the [then] outstanding principal balance would exceed the Maximum Amount["] [$150,000.00]. It does not state that [appellee] may not make advances in excess of the Maximum Amount, if it so desires. As such, the Court finds that under the terms of the [n]ote [appellee] still has the right, at its discretion, to make any such advance.
The trial court also recognized appellee's schedule of advances that "specifically account[ed] for all advances made from the date of the [n]ote through September 29, 2004[.]" Accordingly, the trial court then denied appellants' Civ.R. 60(B) motion and reinstated the January 13, 2005 cognovit judgment.
 {¶ 11} Appellants appeal, raising one assignment of error:
The Trial Court erred when it granted plaintiff-appellee's motion for reconsideration and reinstated the Cognovit Judgment against The Kendall Group Limited, Gary Bachinski and Lisa Bachinski.
 {¶ 12} In their single assignment of error, appellants contend that the trial court erred from its September 12, 2005 judgment entry that denied appellants' Civ.R. 60(B) motion for relief from the cognovit judgment. We agree.
 {¶ 13} We review under an abuse of discretion standard the trial court's ultimate decision to deny appellants' Civ.R. 60(B) motion without an evidentiary hearing. Your Financial Communityof Ohio, Inc. v. Emerick (1997), 123 Ohio App.3d 601, 605;Precision Seed Co., Inc. v. Ebony Fuel, Inc., Franklin App. No. 04AP-465, 2005-Ohio-752, at ¶ 7. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} A debtor on a cognovit judgment may pursue a Civ.R. 60(B) motion for relief from judgment. Masters TuxedoCharleston, Inc. v. Krainock, Mahoning App. No. 02 CA 80, 2002-Ohio-5235, at ¶ 7. Generally, to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:
* * * (1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.
GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 15} However, we have modified the GTE standard on a Civ.R. 60(B) motion that, as here, challenges a cognovit judgment. Jarrell at ¶ 11; Benford v. Innovisions, Inc. (Apr. 7, 1994), Franklin App. No. 93APE12-1651. The modification exists in recognition that, as noted above, a cognovit note does not provide a debtor with prior notice of judgment or an opportunity to defend. First Natl. Bank of Pandora v. Freed, Hancock App. No. 5-03-36, 2004-Ohio-3554, at ¶ 7, fn. 2.
 {¶ 16} Through the modified GTE standard, the Civ.R. 60(B) movant that challenges a cognovit judgment need only satisfy the first and third prongs of GTE, i.e., allege a meritorious defense and file a timely motion. Jarrell at ¶ 11; see, also,Benford (holding that where a trial court enters a cognovit judgment "`by confession upon a warrant-of-attorney without prior notice, the existence of a meritorious defense to all or part of the claim is sufficient to justify relief from judgment, provided the motion is timely'"). Under the modification, the second GTE
requirement, pertaining to whether the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), is automatically satisfied through Civ.R. 60(B)(5), which denotes "any other reason justifying relief from judgment."Masters Tuxedo Charleston, Inc. at ¶ 7; Matson v. Marks
(1972), 32 Ohio App.2d 319, 327; Benford.
 {¶ 17} Here, the trial court ultimately denied appellants' Civ.R. 60(B) motion upon concluding that appellants failed to allege a meritorious defense. In particular, as noted above, the trial court concluded that payment was the "only meritorious defense" under a cognovit note and, therefore, appellants' argument regarding the "amount of judgment" on the note did not constitute a meritorious defense. In so concluding, the trial court relied on Jarrell, wherein we reiterated our statement from Tinnes:
* * * "By definition, a cognovit provision in a promissory note cuts off every defense, except payment, which the maker of the note may have against enforcement of the note." * * *
Jarrell at ¶ 12, citing Tinnes.
 {¶ 18} Appellants assert that Tinnes and Jarrell, by precluding all cognovit defenses except payment, conflict with other decisions from this court. See, e.g., Souder Assoc., Inc.v. Short Stop Convenience Marts, Inc. (Aug. 24, 1976), Franklin App. No. 75AP-634 (holding that "[t]he taking of a judgment for an amount more than due a plaintiff upon a cognovit note constitutes" a meritorious defense under Civ.R. 60[B]); Sadi v.Alkhatib (Aug. 28, 2001), Franklin App. No. 01AP-125 (indicating that a party may seek relief from a cognovit judgment, pursuant to Civ.R. 60[B], based on a claim of fraud); Precision Seed Co.
at ¶ 7-13 (examining a Civ.R. 60[B] movant's claim that a meritorious defense stemmed from jurisdictional issues on a cognovit judgment).
 {¶ 19} Likewise, Tinnes and Jarrell appear to conflict with other Ohio appellate district decisions. See, e.g., FirstNatl. Bank of Pandora at ¶ 9 (holding that "[t]he defense of non-default is not the only meritorious defense recognized by courts as being available to a cognovit judgment debtor seeking Civ.R. 60(B) relief" and that "other asserted defenses found meritorious include improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment"); Rothstein v. Rothstein, Cuyahoga App. No. 86090,2005-Ohio-6381, at ¶ 9 (recognizing cognovit defenses that challenge the "integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note").
 {¶ 20} Regardless, we conclude that Tinnes and Jarrell do not apply here. In interpreting the parties' note, we give "`effect * * * to every provision therein contained[.]'" FosterWheeler Enviresponse, Inc. v. Franklin Cty. Convention FacilitiesAuth. (1997), 78 Ohio St.3d 353, 362, quoting Farmers Natl.Bank v. Delaware Ins. Co. (1911), 83 Ohio St. 309, paragraph six of the syllabus. As stated above, Section 2.3 of the note identified as rebuttable evidence the schedule of advances that appellee claimed it made to appellants on the note. Through Section 2.3, appellants could have rebutted the schedule of advances and, in this regard, could have contested the amount owed on the note. Thus, the trial court abused its discretion in denying appellants' Civ.R. 60(B) motion upon determining that payment was the "only meritorious defense" available to appellants.
 {¶ 21} Additionally, although not addressed by either party, we recognize that the note's provision for the parties' to raise and rebut evidence on the schedule of advances precluded the trial court from accepting the confession of judgment and ultimately entering a cognovit judgment when it did. This is so because the note, on its face, did not support the confession of judgment or the cognovit judgment, and the trial court needed additional evidence to compute the judgment. See Gunton Corp. v.Banks, Franklin App. No. 01AP-988, 2002-Ohio-2873, at ¶ 29 ("[i]n order for a cognovit judgment to be valid, the terms of the note itself must be sufficient to facially support the judgment for which confession is made"); Bank One, N.A. v.DeVillers, Franklin App. No. 01AP-1258, 2002-Ohio-5079, at ¶ 37.
 {¶ 22} After the trial court concluded that payment was the only meritorious defense available to appellants, the trial court alternatively addressed appellants' challenge to the "amount of judgment" on the cognovit note. In doing so, the trial court analyzed the terms of the cognovit note and concluded that appellants' challenge did not constitute a meritorious defense. However, in alleging a meritorious defense in a Civ.R. 60(B) motion, the movant need not establish that he or she will prevail on the defense. Syphard v. Vrable (2001), 141 Ohio App.3d 460,463; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. Rather, the Civ.R. 60(B) movant is required to allege operative facts that allow the trial court to decide if a meritorious defense exists. Syphard at 463; Jarrell at ¶ 11. A meritorious defense exists "if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." Amzee Corp. v. ComericaBank-Midwest, Franklin App. No. 01AP-465, 2002-Ohio-3084, at ¶ 20, citing The Pool Man, Inc. v. Rea (Oct. 17, 1995), Franklin App. No. 95APG04-438.
 {¶ 23} Here, appellants challenged the "amount of judgment" on the cognovit note, and the note allowed such a challenge in accordance with Section 2.3 in regards to the schedule of advances. Therefore, we conclude that appellants alleged a meritorious defense in their Civ.R. 60(B) motion, and the trial court abused its discretion by, instead, holding appellants to a higher standard by determining that appellants could not prevail on the defense. Amzee Corp. at ¶ 20; Syphard at 463; RoseChevrolet, Inc. at 20.
 {¶ 24} If, as here, a Civ.R. 60(B) movant alleges specific operative facts that, if true, would warrant relief from judgment, the trial court abuses its discretion in overruling the motion without an evidentiary hearing. See Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18, 19; Your Financial Community ofOhio, Inc. at 608; cf. Kay at 21 (noting that the trial court grants a Civ.R. 60(B) motion outright as a matter of law if evidentiary materials already in the record evince the movant's entitlement to relief). An evidentiary hearing on a Civ.R. 60(B) motion provides the movant an opportunity to submit evidence to support an alleged defense. Coulson v. Coulson (1983),5 Ohio St.3d 12, 16; U.A.P. Columbus JV326132 v. Plum (1986),27 Ohio App.3d 293, 294-295. Likewise, at the hearing, the trial court verifies facts and tests the veracity of the alleged defense.Coulson at 16; Plum at 294-295; Fifth Third Bank of Columbusv. Margolis (Oct. 30, 1997), Franklin App. No. 97APE04-468. Thereafter, the trial court decides, in pertinent part, whether the Civ.R. 60(B) movant has presented a meritorious defense in light of the evidence and veracity determinations. SeeMargolis; Benford. However, just as a movant need not establish in the Civ.R. 60(B) motion that he or she will prevail on the alleged defense, the trial court does not determine from the evidentiary hearing whether the movant would prevail on the defense. Margolis; Benford. Here, because appellants alleged a meritorious defense, we further conclude that the trial court abused its discretion in ultimately denying appellants' Civ.R. 60(B) motion without an evidentiary hearing.
 {¶ 25} Therefore, we hold that the trial court abused its discretion when it ultimately denied appellants' Civ.R. 60(B) motion for relief from the January 13, 2005 cognovit judgment. As such, we sustain appellants' single assignment of error. Thus, we reverse the judgment of the Franklin County Court of Common Pleas, and we remand this cause to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Travis, J., concurs.
Sadler, J., concurring in judgment only.