[Cite as *State v. Maynard*, 2012-Ohio-786.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO, :
:
    Plaintiff-Appellee, : Case No: 10CA43
:
    v. :
: DECISION AND
MARK R. MAYNARD, : JUDGMENT ENTRY
:
    Defendant-Appellant. : Filed: February 23, 2012

_____

APPEARANCES:

John A. Bay, Columbus, Ohio, for Appellant.

James E. Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}** Mark R. Maynard (hereinafter "Maynard") appeals the judgment of the Washington County Court of Common Pleas, which convicted him of domestic violence. On appeal, Maynard first contends that the jury should have found that he acted in self-defense. We disagree. Instead, we find substantial evidence upon which the jury could have reasonably concluded that Maynard did not act in self-defense. Next, Maynard contends that the trial court committed plain error by allowing a police officer to offer opinion testimony. We disagree. Under Evid.R. 701, courts have routinely allowed police officers who have (1) seen a victim's injuries and (2) interviewed that victim to testify whether the injuries appeared consistent with the victim's story. Therefore, Maynard cannot demonstrate plain error. Finally, Maynard contends that the trial court

erred when it refused to give a jury instruction on the lesser-included offense of disorderly conduct. We disagree. Because Maynard inflicted physical harm upon the victim, the jury could not have reasonably convicted him of disorderly conduct instead of domestic violence. Accordingly, we overrule Maynard's assignments of error and affirm the judgment of the trial court.

I.

{¶2}     Maynard appeals from his conviction for domestic violence under R.C. 2919.25(A) and 2919.25(D)(3).

{¶3}     Maynard had a long-term relationship with Lisa Carpenter (hereinafter "Carpenter"). And although Maynard and Carpenter still shared a home, their relationship was stormy by early 2010.

{¶4}     On the morning of March 26, 2010, Maynard returned home after spending the night with another woman. Upon his arrival, Maynard started searching for his bag of marijuana. Carpenter had apparently hidden the marijuana and would not tell Maynard where it was. Maynard became angry and, according to Carpenter, threw a candle at her. The candle did not hit Carpenter.

{¶5}     Maynard continued to demand the marijuana, but Carpenter refused to give it to him. Carpenter testified that, during this argument, Maynard "hit [her] in the head a couple times with an open hand." Transcript at 177. After Carpenter got a glass of iced tea, she sat down and continued arguing with Maynard about the marijuana. Maynard then put his hands around Carpenter's neck and started choking her. Carpenter kicked Maynard in the stomach to push him away. Eventually, Maynard stopped choking

Carpenter, but they continued to argue.  Finally, after still more arguing, Maynard left the house.

{¶6}     Later that morning, Carpenter went to the sheriff's office, where she met with Deputy Kevin Carr (hereinafter "Deputy Carr").  Deputy Carr observed discoloration on both sides of Carpenter's neck.  At trial, Deputy Carr testified that the discoloration on Carpenter's neck was consistent with her story -- i.e., that Maynard caused the injuries by putting both hands around Carpenter's neck and choking her.

{¶7}     Maynard acknowledged an altercation with Carpenter, but Maynard's version of events differed from Carpenter's.  At trial, Maynard testified that Carpenter was the initial aggressor.  Maynard claimed that Carpenter received the discoloration on her neck during a mutual struggle.  According to Maynard, Carpenter tried to grab money out of his hands, and he grabbed her by the back of the neck to "have her let go of [his] money."  Transcript at 246.

{¶8}     Eventually, the jury found Maynard guilty of domestic violence, and the trial court sentenced him accordingly.

{¶9}     Maynard appeals and asserts the following three assignments of error: I. "The trial court violated Mark Maynard's rights to due process and a fair trial when it entered a judgment of conviction for domestic violence against the manifest weight of the evidence.  Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution."  II. "The trial court committed plain error in admitting lay witness opinion testimony that was unrelated to that witness's perceptions and called for specialized knowledge.  Evid.R 701; Evid.R 702(A); Section 16, Article I, Ohio Constitution; Fifth and Fourteenth Amendments, United States Constitution."  And,

III. "The trial court erred when it failed to instruct the jury on disorderly conduct, a lesser included offense of domestic violence, when the evidence presented at trial supported the necessary elements of the lesser-included offenses.  Section 10, Article 1 [sic], Ohio Constitution; Fifth and Fourteenth Amendments, United States Constitution[.]"

II.

{¶10}     In his first assignment of error, Maynard contends that he should have been acquitted based on the affirmative defense of self-defense.  We will review Maynard's self-defense argument under the manifest-weight-of-the-evidence standard.  *See State v. Robinson*, 4th Dist. No. 10CA6, 2010-Ohio-6579, ¶ 32; *State v. Meisel*, 7th Dist. No. 10 MO 4, 2011-Ohio-6426, ¶ 31.

{¶11}     When determining whether a criminal conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."  *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E.2d 304 (1988), paragraph two of the syllabus.  *See also State v. Smith*, 4th Dist. No. 06CA7, 2007-Ohio-502, ¶ 41.  We "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted."  *Id.* at ¶ 41, citing *State v. Garrow*, 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814 (4th Dist.1995); *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  But "[o]n the trial of a case, * * * the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the

facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

**{¶12}** By claiming self-defense, Maynard contends that he was justified in his actions.

> To establish self-defense involving non-deadly force, a defendant must prove: (1) he was not at fault in creating the situation that gave rise to the affray, (2) he had both reasonable grounds to believe and an honest belief, even if mistaken, that he was in imminent danger of bodily harm, and (3) the only means of protection from that danger was the use of force not likely to cause death or great bodily harm. *State v. DiFrancesca*, 10th Dist. No. 10AP-340, 2011-Ohio-3087, ¶ 33.

**{¶13}** Maynard had the burden at trial to prove self-defense by a preponderance of the evidence. *Robinson*, 2010-Ohio-6579, ¶ 35.

### A. Fault for Creating the Situation

**{¶14}** First, Maynard contends that the jury should have found that he acted in self defense because Carpenter was at fault in creating the situation. As Maynard argues, "If Ms. Carpenter had not hidden the marijuana or simply told Mr. Maynard where she had hidden it, Mr. Maynard would have left; the argument would not have happened; and the physical encounter would not have occurred. Mr. Maynard was not at fault in creating the situation." Merit Brief of Mark R. Maynard at 4.

**{¶15}** Maynard's not-at-fault argument has no basis in law. "The 'not at fault' requirement * * * means that the defendant must not have been the first aggressor in the incident." *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶ 23 (2d.Dist). Hiding another person's marijuana does not make somebody an aggressor for self-defense purposes. Accordingly, we reject the not-at-fault argument under Maynard's first assignment of error.

B. Witness Credibility

**{¶16}** Next, Maynard essentially contends that his testimony was more credible than Carpenter's. And for that reason, Maynard argues that the jury should have found he acted in self-defense.

**{¶17}** We recognize that Maynard and Carpenter offered conflicting testimony about the altercation. Nevertheless,

> "the cautious exercise of the discretionary power of a court
>
> of appeals to find that a judgment is against the manifest
>
> weight of the evidence requires that substantial deference be
>
> extended to the factfinder's determinations of credibility. The
>
> decision whether, and to what extent, to credit the testimony
>
> of particular witnesses is within the peculiar competence of
>
> the factfinder, who has seen and heard the witness. * * *
>
> Accordingly, [t]his court will not substitute its judgment for
>
> that of the trier of facts on the issue of witness credibility
>
> unless it is patently apparent that the trier of facts lost its way
>
> in arriving at its verdict." *State v. Breidenbach*, 4th Dist. No.

10CA10, 2010-Ohio-4335, ¶ 19, quoting *State v. Rhines*, 2d

Dist. No. 23486, 2010-Ohio-3117, ¶ 39 (alterations sic).

**{¶18}** Here, Maynard testified that Carpenter was the initial aggressor, but

Carpenter testified that Maynard was. The jury found Carpenter's testimony to be more

credible. After reviewing the record, we cannot find that the jury lost its way in finding

Maynard guilty. Therefore, we will defer to the jury on the issue of witness credibility.

C.

**{¶19}** In conclusion, we find substantial evidence upon which the jury could have

reasonably concluded that Maynard did not act in self-defense. Accordingly, we

overrule Maynard's first assignment of error.

III.

**{¶20}** In his second assignment of error, Maynard contends that the trial court

committed plain error in reference to Deputy Carr's testimony. Deputy Carr testified that

Carpenter's injuries were consistent with her account of the altercation -- that is,

consistent with Maynard putting his hands around Carpenter's neck and choking her.

Maynard argues that this was improper opinion testimony. Because Maynard did not

object to this testimony, however, we will review his argument for plain error only.

**{¶21}** Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting

substantial rights. "Inherent in the rule are three limits placed on reviewing courts for

correcting plain error." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873

N.E.2d 306, ¶ 15. "'First, there must be an error, *i.e.*, a deviation from the legal rule. * *

* Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an

error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have

affected 'substantial rights.' [The Supreme Court of Ohio has] interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.'" *Id.* at ¶ 16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002) (omissions in original). We will notice plain error "only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. And "[r]eversal is warranted only if the outcome of the trial clearly would have been different absent the error." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001), citing *Long* at paragraph two of the syllabus.

**{¶22}** Based on the way courts have applied Evid.R. 701, we cannot find plain error under Maynard's second assignment of error. Evid.R. 701 provides the following: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." And significantly, "Ohio's appellate courts have regularly allowed police officers who have seen a victim's injuries, and interviewed the victim and/or suspect, to testify pursuant to Evid.R. 701 whether the injuries appear consistent with the recounts given." *State v. Ricco*, 11th Dist. No. 2008-L-169, 2009-Ohio-5894, ¶ 18, citing *State v. Craig*, 5th Dist. No.1998CA00043, 1998 WL 753219, *3 (Oct. 13, 1998); *State v. Fricke*, 12th Dist. No. CA92-09-080, 1993 WL 220792, *2 (June 14, 1993). Therefore, the trial court did not commit plain error by allowing Deputy Carr to testify that Carpenter's injuries were consistent with her version of the altercation.

**{¶23}** Accordingly, we overrule Maynard's second assignment of error.

IV.

**{¶24}** In his third assignment of error, Maynard contends that the trial court erred when it failed to instruct the jury on disorderly conduct as a lesser-included offense of domestic violence.

**{¶25}** "When the indictment, information, or complaint charges an offense including degrees, or if lesser offenses are included within the offense charged, the defendant may be found not guilty of the degree charged but guilty of an inferior degree thereof, or of a lesser included offense." Crim.R. 31(C). *See also* R.C. 2945.74.

**{¶26}** "In reviewing a trial court's decision regarding whether to give a jury instruction on a lesser-included offense, we employ a two-tiered analysis. First, we must determine whether the offense for which the instruction is requested is a lesser-included offense of the charged offense." (Citation omitted.) *State v. Smith*, 4th Dist. No. 09CA3321, 2010-Ohio-5953, ¶ 23.

> [A] criminal offense may be a lesser included offense of
> another if (1) the offense carries a lesser penalty than the
> other; (2) the greater offense cannot, as statutorily defined,
> ever be committed without the lesser offense, as statutorily
> defined, also being committed; and (3) some element of the
> greater offense is not required to prove the commission of
> the lesser offense. *Barnes*, 94 Ohio St.3d at 26-27, 759
> N.E.2d 1240, citing *State v. Deem* (1988), 40 Ohio St.3d
> 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus.

**{¶27}** Here, we reiterate that disorderly conduct is a lesser-included offense of domestic violence. *See generally State v. Berry*, 12th Dist. No. CA2006-11-133, 2007-Ohio-7082, ¶ 18 (noting the disagreement as to whether disorderly conduct is a lesser-included offense of domestic violence under R.C. 2919.25(A)). Maynard was convicted of domestic violence under R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." This definition of domestic violence is very similar to the assault language in R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." We have repeatedly held that disorderly conduct is a lesser-included offense of assault. *See Breidenbach*, 2010-Ohio-4335, ¶ 14. Therefore, because of the similarities between the domestic-violence statute and the assault statute, we once again find that disorderly conduct is a lesser-included offense of domestic violence under R.C. 2919.25(A). *See State v. Wilhelm*, 4th Dist. No. 95CA2123, 1996 WL 447957, *4, fn.4 (Aug. 5, 1996).

**{¶28}** However, "[t]he mere fact that an offense is a lesser included offense of a charged offense does not mean that the court must instruct on both offenses." *State v. Keith*, 10th Dist. Nos. 08AP-28 & 08AP-29, 2008-Ohio-6122, ¶ 35, citing *State v. Wilkins*, 64 Ohio St.2d 382, 387, 415 N.E.2d 303 (1980).

> Once it is determined that a charge constitutes a lesser-included offense of another charged offense, we then examine whether the record contains evidentiary support upon which a jury could reasonably acquit the defendant of the greater offense and convict him on the lesser offense.

The trial court has discretion in determining whether the

record contains sufficient evidentiary support to warrant a

jury instruction on the lesser-included offense, and we will

not reverse that determination absent an abuse of discretion.

*Smith*, 2010-Ohio-5953, ¶ 24.

**{¶29}** An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶30}** Because Carpenter suffered physical harm, the jury could not have convicted Maynard of disorderly conduct instead of domestic violence.  R.C. 2917.11(A)(1) prohibits disorderly conduct and states that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."  The domestic-violence statute, however, goes beyond mere inconvenience, annoyance, or alarm.  Under the domestic-violence statute, a person must actually cause physical harm.  And here, the evidence demonstrates that Carpenter suffered discoloration on both sides of her neck.  Carpenter testified that Maynard grabbed her neck and choked her while she was sitting down.  Maynard testified that he grabbed Carpenter's neck to push her away after she tried to take money out of his hands.  Either way, Maynard unquestionably caused physical harm to Carpenter, and "[e]ven a minor injury * * * constitutes physical harm for purposes of the domestic violence statute[.]"  *State v. Marrero*, 10th Dist. No. 10AP-344, 2011-Ohio-1390, ¶ 72.  Causing physical harm to Carpenter necessarily elevated the seriousness of Maynard's conduct.  *See State v.*

*Rice*, 4th Dist. No. 03CA2717, 2003-Ohio-6515, ¶ 16 (finding that, by causing physical harm, the defendant did "more than engage in fighting behavior that caused 'inconvenience, annoyance or alarm'").  Therefore, the jury could not have reasonably convicted him of disorderly conduct instead of domestic violence.

**{¶31}** Accordingly, we find that the trial court did not abuse its discretion by declining to instruct the jury on disorderly conduct, and we overrule Maynard's third assignment of error.  Having overruled all of his assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY:_____
        Roger L. Kline, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**