[Cite as *Orange City Golf Club, L.L.C. v. MCGC Gold, L.L.C.*, 2012-Ohio-2415.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

ORANGE CITY GOLF CLUB, LLC     :

     Plaintiff-Appellee          :         C.A. CASE NO.   24865

v.                                        :         T.C. NO.    11CV6777

MCGC GOLF, LLC, et al.             :         (Civil appeal from
                                                Common Pleas Court)

     Defendants-Appellants       :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    1st    day of      June      , 2012.

. . . . . . . . . .

THOMAS SCHMELZER, Atty. Reg. No. 0032560 and STEPHANIE J. LANE, Atty. Reg. No. 0070095, 1370 Ontario Street, Suite 1814, Cleveland, Ohio 44113
       Attorneys for Plaintiff-Appellee

RICHARD A. BOUCHER, Atty. Reg. No. 0033614 and JULIA C. KOLBER, Atty. Reg. No. 0078855 and LAUREN E. GRANT, Atty. Reg. No. 0087315, 12 W. Monument Avenue, Suite 200, Dayton, Ohio 45402
       Attorneys for Defendants-Appellants

. . . . . . . . . .

DONOVAN, J.

     **{¶ 1}**     This matter is before the Court on the Notice of Appeal of MCGC Golf,

LLC and Steve Lambert ("Appellants"), filed October 24, 2011 in the Common Pleas Court of Montgomery County, Ohio Civil Division. The appeal is from the Judgment Entry filed in this matter on a Cognovit Note in favor of Orange City Golf Club, LLC ("Appellee") on September 24, 2011.

{¶ 2} On June 1, 2008 Appellants executed a Subordinated Promissory Note ("Note") in favor of Appellee in the amount of $150,000.00, with an interest rate of seven percent (7%) per annum. The Note is in the form of a Cognovit Note pursuant to R.C. §2323.13 and is not a consumer loan or consumer transaction as that is defined therein. The promissory note was related to the purchase by the Appellants of the Moss Creek Golf Course in Clayton, Ohio. The cognovit function of the note "is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 176, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *see also Hadden v. Rumsey Products, Inc.*, 196 F.2d 92, 96 (2d Cir.1952) (stating "the purpose of the cognovit is to permit the holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert.")

{¶ 3} The payment schedule on the Note is specified in ¶¶ I-v, and in explicit terms lays out the payment amounts into months designating both principal and interest payments beginning July 1, 2008 and ending as a balloon payment for any outstanding balance and accrued but unpaid interest on or before June 30, 2012. Furthermore, the Note designates any prepaid amount to be paid without premium or penalty, applied first to accrued but unpaid interest, and then to the principal balance of the note. In addition to a

prepayment procedure, the note also accounts for any late payments. It states that any payment late over fifteen (15) days is subject to the penalty terms of the Note and furthermore that the entire amount shall be deemed in default, and subject to cognovit judgment, if any payment is not paid within thirty (30) days of its due date.

{¶ 4} On September 21, 2011 in the Court of Common Pleas of Montgomery County, the Appellee filed the Complaint on Cognovit Note alleging that no payments had been received since October 1, 2009. Per the terms of the Note, because Appellants defaulted, Appellee requested judgment for the remaining balance of One Hundred Forty Thousand and Four Hundred Twenty Seven Dollars ($140,427.00) for the amount due and owing on the Note, including principal, interest and penalties/late charges, plus interest at the rate of 7 % per annum from September 1, 2011, in addition to reasonable attorney fees and costs. Attached to the Complaint was a copy of the original Note.

{¶ 5} Simultaneously filed with the Complaint was the Confession of Judgment entered on behalf of the Appellants by Attorney Byron Van Iden by virtue of the warrant of attorney contained within the Note. The Answer to the Complaint waived the issuing and service of process, as well as confessed judgment in favor of Appellee in the amount of $140,427.00, plus interest at the rate of 7% per annum from September 1, 2011, plus reasonable attorney fees and costs. In accordance with R.C. §2323.13, the warrant of attorney was printed more clearly and conspicuously than anything else in the Note. It was printed in capital letters above Steve Lambert's signature as Managing Member of MCGC and also below his signature as Steve Lambert, Individually. The warrant of attorney is copied directly from §2323.13 and states as follows:

WARNING - BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.

{¶ 6} A Judgment Entry was entered in favor of Appellee pursuant to the Cognovit Note for the amount requested on September 24, 2011. The record reflects that after Judgment was entered the Appellants were properly provided notice of the judgment entry and served with a copy. Appellants did not file a Civ.R. 60(B) motion or other motion seeking to vacate the judgment. Instead, they filed a direct appeal of the judgment by Notice of Appeal filed on October 24, 2011.

{¶ 7} Appellants assert two assignments of error. The first assigned error is as follows:

" THE JUDGMENT ENTRY IS VOID AND THE SUBORDINATED PROMISSORY NOTE IS FACIALLY INSUFFICIENT TO SUPPORT THE CONFESSION OF JUDGEMENT"

{¶ 8} To support a judgment on a Cognovit Note, the terms must be facially sufficient to support judgment. In *BJ Building Co. v. LBJ Linden Co., LLC,* we addressed the sufficiency of the terms of a cognovit note. 2d Dist. Montgomery No.21055,

2005-Ohio-6825. We held that "all of the requirements of R.C. 2323.12 and R.C. 2323.13 must be satisfied in order for a judgment granted upon a cognovit note to be valid or for a court to have subject-matter jurisdiction to render same." *Id.* at ¶ 21*, quoting Taranto v. Wan-Noor*, 10th Dist. Franklin No. 90AP-1,1990 WL 63036 (May 15, 1990). We were able to determine the amount due based on the confession of judgment and the facially sufficient cognovit note that satisfied the requirements of R.C. 2323.13. *Id*. at ¶ 33.

{¶ 9} Appellants rely upon *Gunton Corp. v. Banks,*10th Dist Franklin No. 01 AP-988, 2002-Ohio-2873*; Onda, LaBuhn, Rankin & Boggs Co. v. Johnson,* 4th Dist. Pickaway No. 08CA17, 2009-Ohio-4727; and *Simmons Capital Advisors, Ltd. v. The Kendall Group,* 10th Dist. Franklin No. 05AP 1087, 2006-Ohio-2272 for the proposition that the Note is not facially sufficient to support the trial court's decision. Each of these cases are distinguishable in their facts.

{¶ 10} Addressing a Civ.R. 60(B) motion, the court in *Gunton* held that the terms of the note were not sufficient to support judgment because extrinsic evidence was required to understand the terms of the note. *Id.* at ¶ 33. The signatory on the note signed individually and there was no other evidence indicating the alleged defendant's involvement in the debt. The additional evidence not present in the note was outside knowledge that connected the signatory to the defendant company. *Id.* at ¶ 28. Unlike *Gunton* the Appellants' indebtedness is evidenced by Steve Lambert's signature both individually and as Managing Member of MCGC Golf, LLC. Furthermore, the terms of the note evidence both MCGC Golf and Steve Lambert collectively as "Borrower." The note is facially sufficient to confess judgment as there is no other evidence or allegations pertaining to the Note that would

necessitate additional information to confess judgment.

{¶ 11}  Appellants also rely upon *Onda* to suggest that the Note is not facially sufficient or that additional evidence is required to prove the terms of the Note. *Onda* at ¶ 1. Again, *Onda* is not a direct appeal but is instead an appeal from a Civ.R. 60(B) denial which was reversed because the court had to refer to "*books and records of the Secured party and the Debtors*" to determine the amount due on the note. *Id.* at ¶ 9. Because the "books and records of the secured party and the debtors" were not attached to the complaint or presented to the trial court they were considered extrinsic evidence. *Id*. at ¶ 16. Thus,   the 60(B) denial was reversed because the trial court lacked subject matter jurisdiction to grant judgment on an insufficient cognovit note. *Id*.

{¶ 12}   In the case at issue, unlike *Onda* the Note sets forth a specific schedule and payment amounts beginning in July 1, 2008 and ending with the balloon payment for any additional principal, interest, or penalty payments accrued on June 30, 2012. The Note does not require reference to any outside extrinsic information. The terms of the note in conjunction with the confession of judgment were sufficient to support the trial court's judgment entry.

{¶ 13}  Lastly, Appellants rely upon *Simmons Capital Advisors.* In *Simmons* the Appellate Court reversed the trial court's denial of a Civ.R. 60(B) motion because the Defendant Debtor alleged sufficient facts to satisfy the requirements under 60(B). *Simmons* at ¶ 23-24. The issue addressed by the trial court in *Simmons* was whether a note evidencing a maximum indebtedness of $150,000.00 could support a judgment in excess thereof in the amount of $179,000.00. In the note at issue the payments as well as interest and penalties

were explicitly set for the duration of the note and significantly the Judgment amount of $140,427.00 is less than the original indebtedness of $150,000.00.

{¶ 14}    Appellants have also alleged that because the face amount of the Note is $150,000.00 with an interest at 7% per annum it does not facially support the judgment amount of $140,427.00 plus interest at 7% from September 1, 2011 plus reasonable attorney fees. This issue was addressed in *BJ Bldg. Co.,* wherein we stated that "many cognovit note claims are not determinable exclusively from the face of the amount of the note, because installment payments on the note, interest accruals, or both, may require some adjustment of the face amount of the note, up or down, to determine the maker's ultimate liability." *BJ Bldg. Co.* at ¶ 57 (Fain, J concurring) (agreeing with the majority in judgment and opinion but writing separately to emphasize a point mentioned by majority).   Similarly, just because the face amount of the note is $150,000.00 does not make the note facially insufficient to support judgment. The terms of the note explicitly set forth the payment schedule, interest payments, prepayment deductions and default penalties sufficiently to support judgment on the cognovit note.

{¶ 15}    Appellants have failed to establish that the trial court erred in granting Judgment on the Cognovit Note. The Note was explicit in the payment schedule as well as interest, prepayment, and penalty amounts and complied in all respects to the requirements set forth in R.C. 2323.13 for subject matter jurisdiction as well as a valid warrant of attorney. The terms of the note in addition to the Confession of Judgment executed pursuant to the valid warrant of attorney were sufficient for the trial court to enter judgment for the Appellee for the amount requested.

{¶ 16}    Appellants second assigned error is as follows:

"THE TRIAL COURT ERRED IN GRANTING THE JUDGMENT ENTRY BECAUSE IT FAILED TO CORRECTLY APPLY AND/OR ACCOUNT FOR PAYMENTS MADE BY APPELLANTS UNDER THE SUBORDINATED PROMISSORY NOTE"

{¶ 17}    Generally, a debtor who received cognovit judgment against it contests the matter in a Civ. R. 60(B) motion to vacate or other motion for relief from the cognovit judgment. Because of the limited record of proceedings ordinarily associated with cognovit judgments, 60(B) relief is often "particularly appropriate," but a direct appeal can still be the proper method to challenge a cognovit judgment where the substance of the appeal is not dependent on a record of proceedings. *Century Natl. Bank v. Gwinn*, 4th Dist. Athens No.11CA-20, 2012-Ohio-786, *citing Jacobs v. Acacia Chattanooga Vehicle Auction*, 10th Dist. Franklin No 10AP-1071, 2011-Ohio-3706; *see also Heartland Bank v. 4060 Sullivant, Ltd.*, 10th Dist. Franklin No. 08AP-226, 2008-Ohio-5495 (holding that direct appeal is an appropriate avenue of relief if the assignments of error do not concern matters not contained in the record). Furthermore, "a reviewing court my not add matter to the record that was not part of the trial court's proceedings and then decide the appeal based on the new matter." *McAuley v. Smith,* 82 Ohio St.3d 393, 396, 696 NE.2d 572 (1998). In the case of *Skybank v. Colley*, the court affirmed the cognovit judgment and would not consider exhibits or evidence not present at the trial court level. *Skybank v. Colley*,10th Dist. Franklin No. 07AP-751, 2008-Ohio-1217.

{¶ 18}    Appellant alleges that approximately $95,000.00 worth of payments was

unaccounted for and made to Appellee. But Appellant also admits that only thirty (30) interest payments and four (4) principal payments were made to Appellee which would amount to approximately $33,125.00 under the schedule of payments on the Note itself. The payment amounts and schedule of payments were uncontested at the trial court level and we are now limited to the record before us. To the extent the Appellants now argue facts beyond the record, the more appropriate avenue of redress would have been before the trial court in a 60(B) motion.

{¶ 19}    Appellants have failed to demonstrate that the trial court erred in granting Judgment on the Cognovit Note in favor of Appellee. As in *BJ Bldg. Co.* the judgment in favor of the appellee based on the terms of a facially sufficient note and a validly executed warrant of attorney pursuant to the requirements set forth in R.C. 2323.13 is enforceable.

{¶ 20}    For the foregoing reasons, Appellants have failed to demonstrate that the trial court erred in granting Judgment on the Cognovit Note. The record evidences a clear and conspicuous Warrant of Attorney printed in capital letters both before and after the signature line for Appellants. Furthermore, the payment schedule set forth in the Note is facially sufficient to determine the amount indebted without the need for additional extrinsic information. The terms of the note in conjunction with the Confession of Judgment executed by a valid warrant of attorney were sufficient to support the trial court's Judgment Entry.

{¶ 21}   Therefore the Judgment is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Thomas Schmelzer
Stephanie J. Lane
Richard A. Boucher
Julia C. Kolber
Lauren E. Grant
Hon. Mary Katherine Huffman